BARRY L. GOLDNER. ESQ., SBN 107126
KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
10000 Stockdale Highway, Suite 200
Bakersfield, CA 93311
Telephone:   661-395-1000
Facsimile:   661-326-0418
Email:       bgoldner@kleinlaw.com
             jnoe@kleinlaw.com

Attorneys for Plaintiff, Vita-Pakt
Citrus Products, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITA-PAKT CITRUS PRODUCTS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>JANEL GROUP, INC., a New York corporation; MAERSK LINE, a foreign corporation; and MAERSK AGENCY U.S.A., INC., a Delaware corporation,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGE TO CARGO** |

COMES NOW plaintiff, VITA-PAKT CITRUS PRODUCTS, INC., a California corporation (hereinafter "Plaintiff"), and alleges as follows:

## GENERAL ALLEGATIONS

1.      At all times herein mentioned, Plaintiff was and now is a corporation organized and existing under and by virtue of law and duly authorized and was a party to the agreements regarding the 160 packages of frozen medium shaved lemon peel collectively consisting of a gross weight of 61,049.92 KG, transported in four ocean shipping containers (the "Shipment"), as described in the documents indicated in Schedule A.

2.      Plaintiff is informed and believes, and thereon alleges, that defendants JANEL GROUP, INC., a New York Corporation, MAERSK LINE, a foreign corporation, and MAERSK

AGENCY U.S.A., INC., a Delaware Corporation (collectively "Defendants") are now, and at all times material herein were, corporations duly organized and existing by virtue of law and engaged in business as common carriers for hire and transportation intermediaries within the United States and this judicial district, with places of business in this district.

3.      Plaintiff is informed and believes, and thereon alleges, that a substantial part of the events giving rise to the claim occurred in this judicial district.

4.      Plaintiff's complaint contains a cause of action for damage to cargo arising under a statute of the United States, namely the Harter Act, 46 U.S.C. 30701, *et. seq.* and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Additionally, the Court has admiralty jurisdiction over these maritime contract claims pursuant to 28 U.S.C. § 1333. These are admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, as hereinafter more fully appears.

5.      Plaintiff is informed and believes, and on that basis alleges, that the Shipment was received in good order and condition by Defendants on or about July 2, 2021. Plaintiff further alleges that in exchange for good and valuable consideration each defendant agreed to transport and carry the Shipment from the port of loading in Los Angeles, California, to the place of delivery in Osaka, Japan, and there deliver said Shipment in the same condition as when received.

6.      The Shipment was placed upon the vessel MSC M/V Aurora V 1245.

7.      The Shipment arrived in Kobe, Japan on or about August 23, 2021.

8.      The Shipment was opened for plant quarantine inspection on or about August 24, 2021. During the inspection it was discovered that not all of the cargo was frozen, despite the application for frozen cargo. The initial plant quarantine inspection was failed. The plant protection officer requested Suntory Spirits Limited (the "Consignee") to submit the phytosanitary certificate issued at the loading port because the plant protection officer was concerned the Shipment could contain harmful insects. The phytosanitary certificate was submitted by the Consignee, and the containers passed plant quarantine inspection on or about September 27, 2021.

///

Complaint for Damage to Cargo

9.     On or about September 29, 2021, it was requested that Nippon Kaiji Kentei Kyokai ("NKKK"), an international inspection company, conduct an inspection of the Shipment. The inspection occurred on or about September 29, 2021. NKKK determined that some of the contents of the Shipment had leaked from their containers and that a significant number of containers had thawed. Based on the temperatures of the containers and the state of the Shipment, NKKK determined that the Shipment had thawed and deteriorated at some point prior to devanning. The Shipment was deemed unusable.

## FIRST CAUSE OF ACTION

### (Damage to Cargo – Harter Act)

10.     Plaintiff refers to and incorporates herein by reference paragraphs 1-9 as though fully set forth herein.

11.     Each defendant, under contracts of carriage, namely the bills of lading, described in Schedule A, and in return for good and valuable consideration, agreed to carry the Shipment from the port of loading in Los Angeles, California, to the place of delivery in Osaka, Japan, and there deliver the Shipment in the same good order, condition, and quantity as when received to the lawful owner of the Shipment.

12.     Thereafter, in breach of and in violation of said agreements and their duties as a common carrier of goods by sea for hire, each defendant did not deliver the Shipment in the same good order, condition, and quantity. To the contrary, the entire Shipment was deemed unusable upon receipt at the place of delivery. As a result, each defendant is liable for the total loss of the Shipment.

13.     By reason of each defendant's failure to deliver the Shipment in the same good order and condition, each defendant has caused a loss to Plaintiff in the sum of $279,429.28, no part of which has been paid by any defendant, despite demand therefore.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///

///

///

4615131                                                                      Complaint for Damage to Cargo

## SECOND CAUSE OF ACTION

### (Breach of Contract)

14.    Plaintiff refers to and incorporates herein by reference paragraphs 1-9 as though fully set forth herein. This cause of action is pled in the alternative.

15.    Each defendant, under contracts of carriage, namely the bills of lading, described in Schedule A, and in return for good and valuable consideration, agreed to transport and carry the Shipment from the port of loading in Los Angeles, California, to the place of delivery is Osaka, Japan, and there deliver the Shipment in the same good order, condition, and quantity as when received to the lawful owner of the Shipment.

16.    In breach of the contract, each defendant did not deliver the Shipment in the same good order, condition, and quantity as when received. To the contrary, the entire Shipment was deemed unusable upon receipt at the place of delivery.

17.    By reason of each defendant's failure to deliver the Shipment in the same good order and condition, each defendant has caused a loss to Plaintiff in the sum of $279,429.28, no part of which has been paid by any defendant, despite demand therefore.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Bailment)

18.    Plaintiff refers to and incorporates herein by reference paragraphs 1-9 as though fully set forth herein. This cause of action is pled in the alternative.

19.    In receiving and arranging for the transport of the Shipment, either by themselves or through their agents, each defendant acted as a bailee for hire, setting up a bailment agreement as a matter of law. In breach of said bailment agreement, each defendant failed to safely deliver the Shipment in the same good order and condition. To the contrary, the Shipment was deemed unusable upon receipt at the place of delivery.

///

///

///

4615131                                                     Complaint for Damage to Cargo

20.     By reason of each defendant's failure to deliver the Shipment in the same good order and condition, each defendant has caused a loss to Plaintiff in the sum of $279,429.28, no part of which has been paid by any defendant, despite demand therefore.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Damage to Cargo - COGSA)

21.     Plaintiff refers to and incorporates herein by reference paragraphs 1-9 as though fully set forth herein. This cause of action is pled in the alternative.

22.     Each defendant, under contracts of carriage, namely the bills of lading, described in Schedule A, and in return for good and valuable consideration, agreed to carry the Shipment from the port of loading in Los Angeles, California, to the place of delivery in Osaka, Japan, and there deliver the Shipment in the same good order, condition, and quantity as when received to the lawful owner of the Shipment.

23.     Thereafter, in breach of and in violation of said agreements and their duties as a common carrier of goods by sea for hire, each defendant did not deliver the Shipment in the same good order, condition, and quantity. To the contrary, the entire Shipment was deemed unusable upon receipt at the place of delivery. As a result, each defendant is liable for the total loss of the Shipment.

24.     By reason of each defendant's failure to deliver the Shipment in the same good order and condition, each defendant has caused a loss to Plaintiff in the sum of $279,429.28, no part of which has been paid by any defendant, despite demand therefore.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## PRAYER

WHEREFORE, Plaintiff VITA-PAKT CITRUS PRODUCTS, INC. prays for relief as follows:

A.     That this Court enter judgment in its favor and against each defendant for the amount of Plaintiff's damages;

///

4615131

Complaint for Damage to Cargo

1      B.     That this Court decree payment by each defendant and to Plaintiff in the sum of

2  the amount of $279,429.28 for the total loss of the Shipment or another amount to be proven at

3  trial, together with prejudgment interest thereon and costs of suit herein;

4      C.     That Plaintiff receive such other and further relief as in law and justice it may be

5  entitled to receive.

6

7                                              Respectfully Submitted,

8  Dated:  April 29, 2022                      KLEIN, DENATALE, GOLDNER
                                               COOPER, ROSENLIEB & KIMBALL, LLP
9

10                                    By:    /s/ BARRY L. GOLDNER
                                             BARRY L. GOLDNER, ESQ.
11                                           Attorneys for Plaintiff, Vita-Pakt Citrus
                                             Products, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4615131                                                          Complaint for Damage to Cargo